**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRASHANT SHANTILAL AGRAWAT; SONAL PRASHANT AGRAWAT, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 07-73292 Agency Nos. A098-510-512 A098-510-513 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Prashant Shantilal Agrawat ("Prashant") and Sonal Prashant Agrawat,

natives and citizens of India, petition for review of the Board of Immigration

Appeals' ("BIA") order dismissing their appeal from an immigration judge's

decision denying their application for asylum, withholding of removal, and relief

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  We have jurisdiction under 8

U.S.C. § 1252.  We review for substantial evidence, *INS v. Elias-Zacarias*, 502

U.S. 478, 481 n.1 (1992), and we deny the petition for review.

Substantial evidence supports the agency's finding that petitioners failed to

establish they were persecuted or have a well-founded fear of future persecution on

account of a protected ground.  *See Molina-Morales v. INS*, 237 F.3d 1048, 1052

(9th Cir. 2001) (purely personal retribution is not persecution on account of a

political opinion).  We lack jurisdiction to review petitioners' contention that

Prashant qualifies as a whistleblower, because it is unexhausted.  *See Barron v.*

*Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  Accordingly, petitioners' asylum and

withholding of removal claims fail.  *See Molina-Morales*, 237 F.3d at 1052.

Substantial evidence also supports the BIA's denial of CAT relief because

petitioners failed to establish it is more likely than not that they will be tortured if

they return to India.  *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

**PETITION FOR REVIEW DENIED.**